## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| VAN GELDER, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | Court No.   21-00160 |

### MOTION TO SET ASIDE DISMISSAL AND REOPEN CASE

Plaintiff, van Gelder, Inc., by counsel and pursuant to U.S. Court of International Trade Rule 60(b), respectfully requests the entry of an order that (1) sets aside the Court's order entered on May 2, 2024 ("Dismissal Order") [ECF No. 14], dismissing this case for failure to prosecute; (2) reopen this case; and (3) extend the time in which this case may remain on the Customs Case Management Calendar until April 30, 2025. In support of this motion, Plaintiff states as follows:

1. On April 14, 2021, Plaintiff filed a Summons [ECF No. 1] concerning the assessment of Section 301 duties on floor covering products imported by Plaintiff. The initial deadline for removing this case from the Customs Case Management Calendar was April 30, 2023.

2. On April 21, 2023, Plaintiff filed (and the Court approved) a Consent Motion for Extension of Time to Remain on Customs Case Management Calendar ("Consent Motion") [ECF No. 11]. Within the Consent Motion, Plaintiff noted that, in conjunction with this case, Plaintiff is also challenging the imposition of Section 301 duties imposed on these same products as part of the mass litigation that was, at the time of filing, pending in the U.S. Court of International Trade (CIT) ("Section 301 Mass Litigation"). *See In re Section 301 Cases*, Case No. 1:21-cv-00052-3JP.

1

3.     Accordingly, Plaintiff asserted within its Consent Motion that good cause exists for the above-referenced case to remain on the Customs Case Management Calendar, as the extension of time would serve the interest of judicial economy by allowing the parties to assess the outcome or potential outcome of the Section 301 Mass Litigation and determine whether it will be possible to resolve the issues in this matter without further involvement of the Court.

4.     Presently, the Section 301 Mass Litigation is pending before the U.S. Court of Appeals for the Federal Circuit. *HMTX Indus., LLC v. United States*, No. 2023-1891.

5.     Throughout the course of this action, Plaintiff, consistent with the assertions presented within its Consent Motion, has continued to assess the potential outcome of the Section 301 Mass Litigation to determine whether it will be possible to resolve the issues in this matter without further involvement of the Court.

6.     However, counsel for Plaintiff overlooked—by virtue of a calendaring mistake—that the extended deadline for this case is April 30, 2024. As a result, Plaintiff failed to file a timely motion under U.S. Court of International Trade Rule 83(c) to remain on the Customs Case Management Calendar; and on May 2, 2024, the Court issued a Dismissal Order.

7.     Rule 60(B) of the Rules of Civil Procedure provides that upon a motion made within a reasonable time, the Court may relieve a party from an order for "(1) mistake, inadvertence, surprise or excusable neglect; . . . or (5) any other reason justifying relief from the judgment."

8.     Excusable neglect is assessed by considering: "(1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *U.S. v. Horizon Prods. Int'l Inc.*, 34 F.Supp.3d 1365,

1367 (Ct. Int'l Trade 2015) (citing *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 392, 395 (1993)). Furthermore, the court may consider "all relevant circumstances surrounding the party's omission." *Home Prods. Int'l, Inc. v. United States*, 521 F.Supp.2d 1382, 1385 (Ct. Int'l Trade 2007) (citing *Pioneer*, 507 U.S. at 395).

9. Here, all four (4) factors support a finding that Plaintiff's neglect is "excusable" for purposes of Rule 60(b). First, there is no prejudice to Defendant, as Plaintiff's neglect has not caused any material delay in this case. As noted above, in the months leading up to the April 30, 2024, deadline, Plaintiff has been assessing the potential outcome of the Section 301 Mass Litigation now pending before the U.S. Court of Appeals for the Federal Circuit. As also noted above, given the substantive overlap between the Section 301 Mass Litigation and this case, the Section 301 Mass Litigation may determine whether a resolution of this case, without further involvement of the Court, is feasible.

10. Second, the length of delay here is minimal and, again, has not caused any material delay in this case. As described above, after receiving the Dismissal Order—which was entered less than 48 hours after the April 30, 2024, deadline had lapsed—counsel for Plaintiff immediately contacted the Clerk's Office and counsel for the Government to notify them of Plaintiff's intent to file a motion to reopen this case. Plaintiff continued to act diligently, as it filed this motion just one day after entry of the Dismissal Order.

11. Third, Plaintiff's failure to file a timely motion to extend the time for the above referenced case to remain on the Customs Case Management Calendar was purely the result of a mistake and inadvertence, whereby counsel's normal procedures for calendaring relevant deadlines established by the Court were not followed due to an oversight. Counsel for Plaintiff

3

regrets this mistake and intends to take additional steps to ensure that all future deadlines established by the Court in this case are timely met.

12. Fourth, Plaintiff has, at all times in these proceedings, acted in good faith. Since filings the Summons, Plaintiff, by counsel, has worked diligently to determine whether a resolution to this case is possible without the intervention of the Court. This is the first time that Plaintiff has failed to comply with a deadline established by the Court—and as described above, it was solely the result of inadvertence and mistake.

13. For all these reasons, Plaintiff believes there is ample support for a finding that Plaintiff's neglect is "excusable" for purposes of Rule 60(b), and that the circumstances described above warrant setting aside the Dismissal Order in the interests of justice.

14. On May 3, 2024, Edward F. Kenny, Esq., counsel for Defendant, stated the Government's position as follows: "The Government defers to the discretion of the Court as to whether relief should be granted, but notes that the Government will not be prejudiced by the Court returning the case to the Customs Case Management Calendar."

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an order that (1) sets aside the Court's Order entered on April 30, 2024, dismissing the above-referenced case for failure to prosecute; (2) reopen this case; and (3) extend the period in which this case remains on the Customs Case Management Calendar until April 30, 2025, to allow the parties additional time to determine, based on the outcome of the Section 301 Mass Litigation, whether it will be possible to resolve this case without further involvement of the Court.

4

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **FAEGRE DRINKER BIDDLE & REATH LLP**<br>Attorneys for Plaintiff<br>320 S. Canal Street, Suite 3300<br>Chicago, IL  60606<br>(312) 569-1157 |
| Dated: May 3, 2024 | */s/ Wm. Randolph Rucker*<br>Wm. Randolph Rucker |

5

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been electronically filed on May 3, 2024 with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following counsel of record for Defendant:

Edward F. Kenny
U.S. Department of Justice
Commercial Litigation Branch – Civil Division
26 Federal Plaza
Room 346
New York, NY 10278
edward.kenny@usdoj.gov

                                                              */s/ Wm. Randolph Rucker*
                                                              Wm. Randolph Rucker